JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -2 1983

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 574

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE YARN PROCESSING PATENT VALIDITY LITIGATION (NO. II)

TRANSFER ORDER*

This litigation presently consists of twenty actions pending in eight federal districts as follows:

| District | Actions |
|---|---|
| Middle District of North Carolina | 5 actions |
| Western District of North Carolina | 5 actions |
| Eastern District of North Carolina | 3 actions |
| Eastern District of Pennsylvania | 2 actions |
| District of South Carolina | 2 actions |
| Northern District of Alabama | 1 action |
| District of Puerto Rico | 1 action |
| Eastern District of Tennessee | 1 action |

Each of the actions is brought by Lex Tex Ltd., Inc., (Lex Tex) against parties that allegedly infringed a Lex Tex patent covering the process by which textured polyester set yarn is produced, as well as the yarn so produced. Lex Tex has moved the Panel, pursuant to 28 U.S.C. §1407, to transfer the twenty actions to the Southern District of Florida for inclusion in the centralized pretrial proceedings occurring in MDL-82, In re Yarn Processing Patent Validity Litigation, before the Honorable C. Clyde Atkins.1/ Defendants in ten of the twenty actions, and certain parties already in the transferee district, oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that these twenty actions involve common questions of fact and that centralization under 28 U.S.C. §1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These common factual questions arise because the same patent is involved in all twenty actions. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

\*     Judge Milton Pollack took no part in the decision of this matter.

1/     Lex Tex's motion included four other actions that have since been dismissed. Also, one of the twenty actions now before the Panel, Lex Tex Ltd., Inc. v. Spectrum Fibers, Inc., E.D. North Carolina, C.A. No. 83-820-Civ-5, was not included in Lex Tex's original motion, but was the subject of an amended motion by Lex Tex. The defendant in this action has stated in writing its opinion on Lex Tex's motion and has waived oral argument.

-2-

The Panel recognizes that the twenty actions now before it and actions previously centralized in MDL-82 involve common questions concerning the same patent, but the Panel nevertheless finds that inclusion of these twenty actions in MDL-82 would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. The twenty actions now before the Panel have been pending since no earlier than April, 1983, whereas actions in MDL-82 have been pending for over ten years, and a trial has already been conducted involving questions of validity and infringement of several Lex Tex patents, including the one at issue in the twenty actions now before the Panel. Transfer of these newly filed actions for inclusion in MDL-82 could delay resolution of the remaining MDL-82 actions. The Panel concludes that it is preferable to centralize the twenty recently filed actions, along with any other recently filed or soon to be filed related actions, in a separate docket rather than burden any further the work of the transferee judge in MDL-82.[2/] The Panel is confident that cooperation among the parties, their counsel and the judiciary will ensure that any relevant previously concluded discovery in MDL-82 can be made applicable to the actions in this newly established docket.

The Panel finds that the Western District of North Carolina is the appropriate transferee forum for this new docket. We observe that thirteen actions are already pending in North Carolina, a leading state in the textile industry. Apart from the witnesses and documents expected to be located in or near the Western District of North Carolina, we note also that that district is centrally located vis-a-vis the other districts in this docket in which actions are pending.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Western District of North Carolina be, and the same hereby are, transferred to that district and, with the consent of that court, assigned to the Honorable James B. McMillan for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

---

[2/] Lex Tex, in its original motion before the Panel, listed for informational purposes nine related actions that it had recently filed in the Southern District of Florida, the MDL-82 transferee district. These actions will be treated as potential tag-along actions in the new docket MDL-574. See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

SCHEDULE A

MDL-574 -- IN RE YARN PROCESSING PATENT VALIDITY LITIGATION (NO. II)

    Northern District of Alabama
<u>Lex Tex Ltd., Inc. v. Avondale Mills</u>
    <u>C.A. No. CV-83-H-1155-E</u>

    Middle District of North Carolina
<u>Lex Tex Ltd., Inc. v. Texfi Industries, Inc.</u>,
    <u>C.A. No. C-83-69-G</u>
<u>Lex Tex Ltd., Inc. v. Spray Textured Yarns, Inc.</u>,
    <u>C.A. No. C-83-321-G</u>
<u>Lex Tex Ltd., Inc. v. Dan River, Inc.</u>,
    <u>C.A. No. C-83-408-G</u>
<u>Lex Tex Ltd., Inc. v. Quadron Textured Yarn</u>,
    <u>C.A. No. C-83-565-G</u>
<u>Lex Tex Ltd., Inc. v. Kerilon, Inc.</u>,
    <u>C.A. No. 83-564-D</u>

    Eastern District of North Carolina
<u>Lex Tex Ltd., Inc. v. Norlina Mills, Inc.</u>,
    <u>C.A. No. 83-627-Civ-5</u>
<u>Lex Tex Ltd., Inc. v. Harriet & Henderson Yarns, Inc.</u>,
    <u>C.A. No. 83-717-CW-5</u>
<u>Lex Tex Ltd., Inc. v. Spectrum Fibers, Inc.</u>,
    <u>C.A. No. 83-820-Civ-5</u>

    Western District of North Carolina
<u>Lex Tex Ltd., Inc. v. Mills Yarns, Inc.</u>,
    <u>C.A. No. ST-C-83-95</u>
<u>Lex Tex Ltd., Inc. v. Leslie Yarns, Inc.</u>,
    <u>C.A. No. ST-C-83-96</u>
<u>Lex Tex Ltd., Inc. v. Burke Mills, Inc.</u>,
    <u>C.A. No. SH-C-83-165</u>
<u>Lex Tex Ltd., Inc. v. O'Marva Texturing, Inc.</u>,
    <u>C.A. No. SH-C-83-171</u>
<u>Lex Tex Ltd., Inc. v. Comtex Corp.</u>,
    <u>C.A. No. C-C-83-0377-M</u>

    Eastern District of Pennsylvania
<u>Lex Tex Ltd., Inc. v. Clarence L. Meyers & Co., Inc., et al.</u>,
    <u>C.A. No. 83-3087</u>
<u>Lex Tex Ltd., Inc. v. Hammerich Industries, Inc.</u>,
    <u>C.A. No. 83-3115</u>

    District of Puerto Rico
<u>Lex Tex Ltd., Inc. v. Rovifil, Inc.</u>,
    <u>C.A. No. 83-1393</u>

    District of South Carolina
<u>Lex Tex Ltd., Inc. v. Butte Knitting Mills</u>,
    <u>C.A. No. 83-13353</u>
<u>Lex Tex Ltd., Inc. v. Dillon Yarns</u>,
    <u>C.A. No. 83-13363</u>

    Eastern District of Tennessee
<u>Lex Tex Ltd., Inc. v. Standard-Coosa-Thatcher, Inc.</u>,
    <u>C.A. No. 1-83-296</u>